IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

## STATE OF TENNESSEE v. FRANK DEANGELO TAYLOR

**Appeal from the Criminal Court for Shelby County**
No. 05-05703      Chris Craft, Judge

_____

### No. W2019-00328-CCA-R3-CD

_____

Defendant, Frank D. Taylor, appeals from the dismissal of his motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. Because Defendant has failed to state a colorable claim for relief, we affirm the trial court's dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Frank D. Taylor, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

### OPINION

In May 2008, Defendant was convicted by a Shelby County jury of first degree felony murder and attempted especially aggravated robbery for offenses committed in January of 2005. Defendant was seventeen years old at the time of the offenses. Defendant received a life sentence for the first degree felony murder conviction and a concurrent term of eight years' imprisonment for the attempted especially aggravated robbery conviction. Defendant appealed to this Court, and on August 23, 2010, the judgments of the trial court were affirmed by this Court. *State v. Frank Deangelo Taylor*, No. W2008-01863-CCA-R3-CD, 2010 WL 3307072 (Tenn. Crim. App. Aug. 23, 2010), *perm. app. denied* (Tenn. Nov. 29, 2010). Defendant subsequently filed a petition for

post-conviction relief, the denial of which was affirmed by this Court. *Frank Taylor v. State*, No. W2012-01993-CCA-R3-PC, 2014 WL 4262158 (Tenn. Crim. App. Aug. 28, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014).

On January 24, 2019, Defendant filed a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 with the trial court. Defendant argued that his sentence was unconstitutional because a life sentence for a juvenile violates the United States Constitution's prohibition against cruel and unusual punishment. The trial court dismissed the motion without a hearing because Defendant failed to state a colorable claim for relief. It is from that dismissal that Defendant now appeals.

*Analysis*

Defendant argues that his sentence of life imprisonment violates the prohibition against cruel and unusual punishment in the United States and Tennessee Constitutions because he was a juvenile at the time of the offense. *See* U.S. Const. amend VIII; Tenn. Const. art. I, § 16. Defendant asserts that his sentence is in "strict violation of [*Miller v. Alabama*, 567 U.S. 460 (2012)], since it specifically states that a mandatory [sentence of] life imprisonment without parole for those under the age of [eighteen] at the time of their crimes violates the 8th Amendment's prohibition of cruel and unusual punishment." Defendant contends that his sentence, of which he must serve at least 51 years before becoming eligible for release, *see* T.C.A. § 40-35-501(i)(1), has the effect of a sentence of life without parole because statistics show that he will likely die in prison. The State argues that his sentence is not illegal.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. This Court reviews de novo the trial court's determination that a motion to correct an illegal sentence fails to state a colorable claim. *Brown*, 479 S.W.3d at 205.

In Tennessee, a defendant convicted of first degree murder is subject to three potential sentences: (1) death, (2) life without the possibility of parole; or (3) life. T.C.A. § 39-13-202(c). "A defendant sentenced to life imprisonment in Tennessee may be released after service of at least fifty-one years if the defendant earns the maximum allowable sentence reduction credits." *Brown v. Jordan*, 563 S.W.3d 196, 202 (Tenn. 2018). "When a defendant currently receives a life sentence in Tennessee, no parole is involved. He serves a specific number of years, and then he is released with no parole supervision. His sentence is done." *Charles Everett Lowe-Kelley v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *8 (Tenn. Crim. App. Feb. 24, 2016), *perm. app. denied* (Tenn. June 23, 2016).

In *Miller*, the United States Supreme Court held that a mandatory sentence of life imprisonment without parole for juvenile offenders violates the Eighth Amendment's prohibition against cruel and unusual punishment. 567 U.S. at 479. This Court has consistently rejected the claim that a juvenile's mandatory life sentence, which requires service of at least fifty-one years before release, constitutes an effective sentence of life without parole in violation of *Miller*. *See State v. Antonious Johnson and Rodney Williams*, No. W2018-01125-CCA-R3-CD, 2019 WL 4008113, at *15 (Tenn. Crim. App. Aug. 23, 2019), *no perm. app. filed*; *State v. Walter Collins*, No. W2016-01819-CCA-R3-CD, 2018 WL 1876333, at *19-21 (Tenn. Crim. App. Apr. 18, 2018), *perm. app. denied* (Tenn. Aug. 8, 2018); *Martez D. Matthews v. State*, No. M2015-02422-CCA-R3-PC, 2016 WL 7395674, at *4 (Tenn. Crim. App. Dec. 21, 2016), *perm. app. denied* (Tenn. Apr. 13, 2017); *Charles Everett Lowe-Kelley*, 2016 WL 742180, at *8; *Billy L. Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *4 (Tenn. Crim. App. Mar. 25, 2015), *perm. app. denied* (Tenn. July 21, 2015), *cert. denied*, 136 S. Ct. 1216 (Feb. 29, 2016); *State v. Kayln Marie Polochak*, No. M2013-02712-CCA-R3-CD, 2015 WL 226566, at *34 (Tenn. Crim. App. Jan. 16, 2015), *perm. app. denied* (Tenn. May 14, 2015); *Cyntoia Denise Brown v. State*, No. M2013-00825-CCA-R3-PC, 2014 WL 5780718, at *21 (Tenn. Crim. App. Nov. 6, 2014), *perm. app. denied* (Tenn. May 15, 2015); *Floyd Lee Perry, Jr. v. State*, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *5 (Tenn. Crim. App. Apr. 7, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014). Because Defendant received a sentence that has release eligibility, his sentence is not unconstitutional. Defendant has not stated a colorable claim upon which relief can be granted. Consequently, the trial court did not err in dismissing the petition.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE