IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 28, 2020 Session

**JEFFREY T. SILER, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 90960      G. Scott Green, Judge**

_____

**No. E2019-00018-CCA-R3-PC**

_____

Over twenty years ago, a Knox County jury found Petitioner, Jeffrey T. Siler, Jr., guilty of first degree felony murder. At the advice of his trial counsel and prior to the jury trial, the then seventeen year old Petitioner pled guilty to attempted especially aggravated robbery which formed the basis for the felony murder charge. Petitioner received an eight-year sentence for the attempted especially aggravated robbery charge to be served concurrently with the life sentence for the felony murder charge. Petitioner's convictions were affirmed on direct appeal. *See State v. Jeffrey T. Siler*, No. E2000-01570-CCA-R3-CD, 2001 WL 387088 (Tenn. Crim. App. Apr. 17, 2001) *perm. app. denied* (Tenn. June 20, 2014) ("*Siler I*"). On February 13, 2009, Petitioner filed a petition for post-conviction relief. The post-conviction court summarily dismissed the petition as untimely. This Court reversed the post-conviction court and remanded for an evidentiary hearing to determine whether due process tolled the statute of limitations and to consider Petitioner's claims regarding his mental condition. *See State v. Jeffrey T. Siler*, No. E2009-00436-CCA-R3-PC, 2010 WL 1444511 (Tenn. Crim. App. Apr. 12, 2010), *no perm. app. filed* ("*Siler II*"). After conducting a hearing, the post-conviction court determined that the statute of limitations should have been tolled and that Petitioner was entitled to a full hearing on his petition for post-conviction relief. After conducting a full evidentiary hearing, the post-conviction court denied relief and dismissed the petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

John M. Boucher, Jr., Knoxville, Tennessee, for the appellant, Jeffery T. Siler, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural Background*

This matter began in the juvenile court of Knox County. The State filed a petition to transfer Petitioner to criminal court to be tried as an adult. As part of the petition to transfer, Dr. Leonard Miller performed a psychological exam on Petitioner. Dr. Miller acknowledged that Petitioner had some mental health issues, but ultimately concluded that "[t]he test data [did] not indicate a need for placement in a psychiatric facility." Dr. Miller reported to the juvenile court that Petitioner could be transferred to "adult court." In exchange for "open file discovery," which included a review of Petitioner's juvenile record, trial counsel waived the hearing on the State's petition to transfer.

In the opinion on direct appeal, this Court provided a summary of the underlying facts in this case:

On February 19, 1998, the fifteen-year-old [Petitioner] and fifteen-year-old Lavon Davis were riding with Jason Copley. Davis stated that he was "looking for a lick," meaning someone to rob. Upon seeing fifty-six-year-old Tommy Haworth, the victim, walking down the street, they decided to rob him. [Petitioner] agreed to take Davis'[s] pistol, and Davis and [Petitioner] exited the vehicle and followed the victim to his residence. There, [Petitioner] confronted the victim and asked him for money. The victim replied that he had none. [Petitioner] then cocked the pistol, and it fired. The victim was hit in the face with the bullet and died as a result of this gunshot wound.

[Petitioner] and Davis fled the scene, and [Petitioner] threw the empty shell casing into a storm drain. Copley, who had remained in the vehicle, stayed at the scene and told someone to call 911.

[Petitioner] and Davis were subsequently arrested, and [Petitioner] confessed his involvement in the offense. In his statement [Petitioner] contended the gun went off accidentally during the attempted robbery, and

he did not intend to shoot the victim. An analysis of the shell casing found in the storm drain and the projectile recovered in the victim's toboggan revealed they were fired from the pistol recovered from Davis'[s] coat pocket. [Petitioner's] fingerprints were also found on the door of the victim's residence.

[Petitioner] was transferred from juvenile court to the Criminal Court for Knox County and indicted in Count 1 for first degree murder during the perpetration of an attempted especially aggravated robbery and in Count 2 for attempted especially aggravated robbery. On the morning of trial [Petitioner] entered a guilty plea to attempted especially aggravated robbery, and the case was tried before a jury on the felony murder charge. The jury found [Petitioner] guilty of felony murder. [Petitioner] was sentenced to concurrent sentences of life for felony murder and eight years for attempted especially aggravated robbery.

*Siler I*, WL 387088, at *1. This Court affirmed the convictions on direct appeal. *Id.*

On February 13, 2009, Petitioner filed a petition for post-conviction relief. The post-conviction court summarily dismissed the petition as untimely. This Court found that the post-conviction court erred in dismissing the petition without conducting a hearing. *Siler II*, WL 1444511, at *7. We remanded to the post-conviction court to hold a hearing on whether due process required tolling of the statute of limitations and to consider Petitioner's claims regarding his mental health. *Id.*

Petitioner was appointed counsel who filed a Supplemental/Amended Petition for Post-Conviction Relief. After holding a hearing, the post-conviction court determined that the statute of limitations should be tolled. [1]

*Post-Conviction Evidentiary Hearing*

On October 10, 2018, the post-conviction court held an evidentiary hearing on the merits of Petitioner's claims.[2] Petitioner's trial counsel was the only witness at the

---

[1] By order enter on December 18, 2013, after the filing of the post-conviction pleadings, the post-conviction court first determined that Petitioner had been "denied his second tier appeal" of his direct appeal. The post-conviction court granted Petitioner a stay on his post-conviction petition while the Tennessee Supreme Court considered a TRAP 11 application for his 2000 direct appeal. The application was denied on June 20, 2014. *State v. Jeffrey T. Siler*, No. E2000-01570-SC-R11-CD.

hearing. Trial counsel identified a memorandum that he wrote and placed in Petitioner's file. The memorandum indicated that trial counsel was aware of Petitioner's mental health history, the history of Petitioner's placement with various institutions and foster care families, and the numerous medications that Petitioner took. Trial counsel stated that the juvenile court judge would not deny any motion to transfer to "adult court." He testified that "the tradeoff for the transfer as an adult was that you got access not only to the State's file, but you got the - - if he did have juvenile history, and believe me, [Petitioner] did. [Petitioner] had volumes of it. But those were made available to me." Trial counsel stated that Petitioner had no juvenile criminal history, only mental health history. Trial counsel stated that he did not get any consent to waive the transfer hearing in writing. He believed that Petitioner's guardian was present in court that day. He stated that Petitioner was facing life in prison whether the hearing was held or not. Trial counsel did not bring Petitioner's mental health issues before the juvenile court because the juvenile court would have approved the transfer to criminal court anyway. Trial counsel recalled another file memorandum that described Petitioner as "illiterate and [having] the mind of a seven or eight year old child."

Trial counsel recalled advising Petitioner to plead guilty to the underlying felony of attempted especially aggravated robbery. Trial counsel testified that he hired Dr. Michael Buckner to help establish that Petitioner was unable to form the intent required for the underlying felony. Trial counsel could not remember if an insanity defense was litigated, although there was discussion about it with Dr. Buckner. Trial counsel believed that after Petitioner pled guilty to the underlying felony, Rr. Buckner's testimony became irrelevant. Trial counsel agreed that Petitioner had severe mental health issues. Trial counsel stated that he litigated a motion to suppress Petitioner's statement, but was unsuccessful.

Trial counsel was also appellate counsel. Trial counsel agreed that it was his responsibility to prepare the record for Petitioner's appeal. He admitted that the suppression hearing transcript was missing and that he did not draft any statement to supplement the record. Trial counsel testified that it was his belief that Petitioner understood the reasoning and consequences for pleading guilty to the underlying felony.

On cross-examination, trial counsel recalled Petitioner's fingerprint was found at the scene and that the shell casing from the bullet was recovered. He recalled that the bullet matched the gun that was found. Trial counsel stated that he received all discovery, including Petitioner's confession to the shooting. He recalled that the motion to suppress Petitioner's confession hearing was held and subsequently denied. Trial

---

[2] By this point, the original trial judge, the Honorable Mary Beth Leibowitz, had retired and the current post-conviction judge, the Honorable G. Scott Green, presided.

counsel stated that he was uncomfortable with Dr. Buckner and was not confident that Dr. Buckner could present something intelligible to the jury in terms of Petitioner's mental health. Dr. Buckner wrote a report on Petitioner's mental health at the time of trial, and it was entered in to evidence at the post-conviction hearing.

Trial counsel testified that because Petitioner's statement was entered into evidence at trial, he had two reasons for Petitioner pleading guilty to the underlying felony − credibility with the jury and consistency with Petitioner's statement. Trial counsel again stated that he believed that Petitioner understood why he was pleading guilty to the underlying felony. Trial counsel stated that he was trying to get the jury to recognize the discharge from the weapon was accidental, thereby absolving Petitioner.

Trial counsel reiterated that the juvenile court, without question, would transfer the case to criminal court, with or without a hearing. It was his belief that his best course was to waive the transfer hearing to get the discovery. The transcript from the trial and a transcript of Petitioner's statement were entered into evidence at the post-conviction hearing.

The post-conviction court found that trial counsel's strategy of advising Petitioner to plead guilty to the underlying felony was "seriously flawed." There was no intent involved with felony murder, the "causal connection to the [especially aggravated robbery]" exposed Petitioner to criminal liability for felony murder. The fact that Petitioner admitted to the gun discharge and pled guilty to the underlying felony allowed the post-conviction court to find that "conviction for felony murder was a foregone conclusion." The post-conviction court found that once the "[Petitioner's] statement was admitted in evidence in conjunction with the other evidence in this case, he had no viable defense to the felony murder count." The post-conviction court found that the "strategy was not sound and is not entitled to deference, but this [c]ourt holds that Petitioner suffered no prejudice." The post-conviction court denied Petitioner relief and dismissed the petition. It is from that dismissal that Petitioner now appeals.

*Analysis*

On appeal, Petitioner contends that his trial counsel was ineffective for waiving the juvenile transfer hearing and that the post-conviction court erred by ruling that his sentence was not in violation of the prohibitions against cruel and unusual punishment.[3] *See Miller v. Alabama*, 567 U.S. 460 (2012).

_____

[3]Petitioner lists the following issues in his brief: (1) illegal transfer from juvenile court; (2) ineffective assistance of counsel for advising Petitioner to plead guilty to the underlying felony; and (3) ineffective assistance of counsel for inadequate appellate preparation in his brief. However, Petitioner appears to have abandoned these arguments on appeal because he does not provide argument or citation to

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

## I. Ineffective Assistance of Counsel

Petitioner argues that the trial court erred by ruling that Petitioner was not prejudiced by trial counsel's ineffective assistance. The State argues that trial counsel made an appropriate strategic decision to waive the juvenile transfer hearing.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either

---

authority to support them. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2016).

deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). A juvenile has a constitutional right to the effective assistance of counsel during a transfer hearing. *Kent v. United States*, 383 U.S. 541, 554 (1966); *see Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006).

Tennessee Code Annotated section 37-1-134 articulates the circumstances in which a juvenile court "shall" transfer a juvenile accused of criminal offenses to criminal court to be tried as an adult. *Howell*, 185 S.W.3d at 329. A juvenile who is more than fourteen years of age at the time that the offense is committed shall be tried as an adult if charged with certain enumerated offenses, including first-degree murder and especially aggravated robbery. T.C.A. § 37-1-134(a)(1) (1998). The juvenile is entitled to a hearing to determine whether transfer is appropriate, and the juvenile must have sufficient written notice of the hearing. T.C.A. § 37-1-134(a)(2)-(3) (1998). At the hearing, the juvenile court is required to find that there are reasonable grounds to believe that: "(A) The child committed the delinquent act as alleged; (B) The child is not committable to an institution

for the developmentally disabled or mentally ill; and (C) The interests of the community require that the child be put under legal restraint or discipline." T.C.A. § 37-1-134(a)(4)(A)-(C) (1998).

Petitioner's argument is that trial counsel should have shown Petitioner to be committable at the time of the transfer hearing. Trial counsel testified that he waived the hearing to obtain open discovery and other advantages. Trial counsel testified that this juvenile judge always approved motions to transfer, and it would have been fruitless to hold the hearing. This Court will not "second-guess [juvenile] counsel's informed tactical and strategic decisions." *Pylant v.State*, 263 S.W.3d 854, 874 (Tenn. 2008). Strategic decisions of counsel are given deference when based upon adequate preparation. *Goad*, 938 S.W.2d at 369. Further, a psychological exam performed by Dr. Miller, indicates that Petitioner was not committable to a psychiatric facility and that he could be transferred to "adult court." Petitioner, despite entering the written report by Dr. Buckner into evidence at the evidentiary hearing, fails to show clear and convincing evidence that Petitioner was committable. The record does not contain evidence that Petitioner would have been successful in preventing his case from being transferred if a transfer hearing had been conducted. *Javonta Marquis Perkins v. State*, No. M201802223-CCA-R3-PC, 2020 WL 822089, at *4 (Tenn. Crim. App. Feb. 19, 2020).

The Petitioner fails to demonstrate that trial counsel was deficient in waiving the transfer hearing by clear and convincing. Petitioner is not entitled to relief on this claim.

## *II. Sentence/Miller*

Defendant argues that his sentence of life imprisonment violates the prohibition against cruel and unusual punishment in the United States and Tennessee Constitutions because he was a juvenile at the time of the offense. *See* U.S. Const. amend VIII; Tenn. Const. art. I, § 16. Defendant asserts that his sentence is in "strict violation of [*Miller v. Alabama*, 567 U.S. 460 (2012)], [because] it specifically states that a mandatory [sentence of] life imprisonment without parole for those under the age of [eighteen] at the time of their crimes violates the 8th Amendment's prohibition of cruel and unusual punishment." The State argues that his sentence is not illegal.

In Tennessee, a defendant convicted of first degree murder is subject to three potential sentences: (1) death; (2) life without the possibility of parole; or (3) life. T.C.A. § 39-13-202(c). "A defendant sentenced to life imprisonment in Tennessee may be released after service of at least fifty-one years if the defendant earns the maximum allowable sentence reduction credits." *Brown v. Jordan*, 563 S.W.3d 196, 202 (Tenn. 2018). "When a defendant currently receives a life sentence in Tennessee, no parole is

- 8 -

involved. He serves a specific number of years, and then he is released with no parole supervision. His sentence is done." *Charles Everett Lowe-Kelley v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *8 (Tenn. Crim. App. Feb. 24, 2016), *perm. app. denied* (Tenn. June 23, 2016).

In *Miller*, the United States Supreme Court held that a mandatory sentence of life imprisonment without parole for juvenile offenders violates the Eighth Amendment's prohibition against cruel and unusual punishment. 567 U.S. at 479. This Court has consistently rejected the claim that a juvenile's mandatory life sentence, which requires service of at least fifty-one years before release, constitutes an effective sentence of life without parole in violation of *Miller*. *See State v. Antonious Johnson and Rodney Williams*, No. W2018-01125-CCA-R3-CD, 2019 WL 4008113, at *15 (Tenn. Crim. App. Aug. 23, 2019), *no perm. app. filed*; *State v. Walter Collins*, No. W2016-01819-CCA-R3-CD, 2018 WL 1876333, at *19-21 (Tenn. Crim. App. Apr. 18, 2018), *perm. app. denied* (Tenn. Aug. 8, 2018); *Martez D. Matthews v. State*, No. M2015-02422-CCA-R3-PC, 2016 WL 7395674, at *4 (Tenn. Crim. App. Dec. 21, 2016), *perm. app. denied* (Tenn. Apr. 13, 2017); *Charles Everett Lowe-Kelley*, 2016 WL 742180, at *8; *Billy L. Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *4 (Tenn. Crim. App. Mar. 25, 2015), *perm. app. denied* (Tenn. July 21, 2015), *cert. denied*, 136 S. Ct. 1216 (Feb. 29, 2016); *State v. Kayln Marie Polochak*, No. M2013-02712-CCA-R3-CD, 2015 WL 226566, at *34 (Tenn. Crim. App. Jan. 16, 2015), *perm. app. denied* (Tenn. May 14, 2015); *Cyntoia Denise Brown v. State*, No. M2013-00825-CCA-R3-PC, 2014 WL 5780718, at *21 (Tenn. Crim. App. Nov. 6, 2014), *perm. app. denied* (Tenn. May 15, 2015); *Floyd Lee Perry, Jr. v. State*, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *5 (Tenn. Crim. App. Apr. 7, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014). Because Petitioner received a life sentence that has early release eligibility, his sentence is not unconstitutional. Petitioner has not stated a colorable claim upon which relief can be granted. Consequently, the post-conviction court did not err in dismissing the petition. The judgment of the post-conviction court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE