IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 8, 2021

**STATE OF TENNESSEE v. COURTNEY PERRY**

**Appeal from the Criminal Court for Shelby County**
No. 01-13118    Jennifer Johnson Mitchell, Judge

_____

**No. W2020-01682-CCA-R3-CD**

_____

The Petitioner, Courtney Perry, appeals the summary dismissal of his "Motion to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1. Upon our review, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

William P. Rudolph, Memphis, Tennessee, for the Defendant-Appellant, Courtney Perry.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Assistant Attorney General; Amy Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

A Shelby County Criminal Court jury convicted the Petitioner of first degree felony murder and especially aggravated robbery, for which he received an effective sentence of life imprisonment. Courtney Perry v. State, No. W2006-01852-CCA-R3-PC, 2008 WL 312923, at *1 (Tenn. Crim. App. Feb. 5, 2008), perm. app. denied (Tenn. Aug. 25, 2008). The Petitioner did not file a direct appeal. The Petitioner filed a petition for post-conviction relief, arguing that he received ineffective assistance of counsel. This court affirmed the denial of the petition. Id.

On May 13, 2016, the Petitioner filed a pro se "Motion to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Petitioner

asserted that his sentences were illegal because they were "in direct contravention of Tenn[essee] Code Ann[otated] [sections] 39-13-204(e)(2) and 40-35-501(h)(1), therefore, rendering his sentence void." The original trial court recused itself, and the case was docketed for a different trial court, with counsel appointed on June 30, 2016. On August 15, 2019,[1] the trial court allowed counsel to withdraw and appointed new counsel. The State filed a motion to dismiss on August 14, 2020, stating that the Petitioner had misinterpreted the statutes, and his sentences were not illegal. On September 1, 2020, the Petitioner filed a notice that his original pro se motion would not be amended by appointed counsel. On December 7, 2020, the trial court dismissed the Petitioner's motion by written order, finding that the Petitioner's sentences were not illegal, and he had not raised a colorable claim for relief. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner again argues that his sentences are void because they contravene Tennessee Code Annotated sections 39-13-204(e)(2) and 40-35-501(h)(1). The State responds that his sentences are not illegal. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Our supreme court has concluded that there are three types of sentencing errors: clerical errors, appealable errors, and fatal errors. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Clerical errors arise from a simple mistake in filling out information in the judgment document. Id. Appealable errors arise where the sentencing statutes provide for a right to a direct appeal of the sentencing decision and "generally involve attacks on the correctness of the methodology by which a trial court imposed [the] sentence." Id. (internal citation omitted). For a sentence to be deemed an "illegal sentence," it must be the result

---

[1] The record on appeal contains no explanation for the three-year delay.

of a fatal error, which renders a sentence illegal and void.  Id. "This category consists of any sentence 'that is not authorized by the applicable statutes or that directly contravenes an applicable statute.'"  Id.

As relevant to the arguments raised by the Petitioner, Tennessee Code Annotated section 39-13-204(e)(2) states

> (2) The trial judge shall provide the jury separate verdict forms, as specified by subdivisions (f)(1), (f)(2), and (g)(2)(B).  If the defendant has been found guilty of first degree murder as described in § 39-13-202(c)(1), then the jury shall be instructed that a defendant who receives a sentence of imprisonment for life shall not be eligible for parole consideration until the defendant has served at least fifty-one (51) full calendar years of the sentence. The jury shall also be instructed that a defendant who receives a sentence of imprisonment for life without possibility of parole shall never be eligible for release on parole.

Further, sections 40-35-501(h)(1), (h)(2), and (i)(1) state, respectively,

> (h)(1) Release eligibility for a defendant committing the offense of first degree murder on or after November 1, 1989, but prior to July 1, 1995, who receives a sentence of imprisonment for life occurs after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence, notwithstanding the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, any sentence reduction credits authorized by § 41-21-236, or any other provision of law relating to sentence credits.

> (2) There shall be no release eligibility for a person committing first degree murder, on or after July 1, 1995, and receiving a sentence of imprisonment for life.  The person shall serve one hundred percent (100%) of sixty (60) years less sentence credits earned and retained.  However, no sentence reduction credits authorized by § 41-21-236 or any other law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

> . . . .

- 3 -

(i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

We initially note that the Petitioner's only argument regarding section 39-13-204(e)(2) is a single sentence, stating in its entirety, "In the present case, [the Petitioner] has stated a colorable claim because the sentence he received of sixty (60) years at one hundred (100) percent directly contravenes both Tenn. Code Ann. § 40-35-501(h)(2) and Tenn. Code Ann. § 39-13-204(e)(2)[,] which maintain that a defendant sentenced to life imprisonment may be eligible for parole after twenty-five (25) years." Such an assertion regarding section 39-13-204(e)(2) is not adequate to invite our review. See Tenn. R. App. P. 27(a)(7) ("The brief of the appellant shall contain . . . [a]n argument . . . with citations to the authorities" and "for each issue, a concise statement of the applicable standard of review"); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references will be treated as waived by this court."). Accordingly, to the extent that the Petitioner asserts that his sentence contravenes section 39-13-204(e)(2), any such argument is deemed waived. In any event, as noted by the trial court, the State's notice to seek life without the possibility of parole was withdrawn prior to the Petitioner's sentencing hearing, rendering section 39-13-204(e)(2) inapplicable.

With respect to section 40-35-501, the Petitioner contends that his sentence contravenes that statute but also "acknowledges that the Tennessee Supreme Court has held that Tenn. Code Ann. § 40-35-501(i) governs release eligibility for first degree murders committed on or after July 1, 1995."[2] See Brown v. Jordan, 563 S.W.3d 196 (Tenn. 2018). In Brown, our supreme court conclusively stated, "A defendant convicted of first-degree murder that occurred on or after July 1, 1995, may be released after service of at least fifty-one years if the defendant earns the maximum allowable sentence reduction credits." Id. at 202. The Brown court also explained that a defendant convicted of a first degree murder committed before July 1, 1995, has a release eligibility that occurs after service of sixty percent of sixty years less any sentence credits earned, but those sentence credits cannot operate to enable a defendant to become eligible for release until a minimum of twenty-five calendar years have been served. Id. at 201. The Petitioner incorrectly asserts that this

---

[2] We note that our legislature removed first degree murder from enumerated offenses in (i)(1), effective July 15, 2020.

- 4 -

section, which he mistakenly refers to as (h)(2), provides "eligbil[ity] for parole after twenty-five (25) years."

In the instant case, the Petitioner committed first degree felony murder and especially aggravated robbery on April 10, 2001. Thus, as noted by the <u>Brown</u> court, the Petitioner may be released after service of at least fifty-one years if he earns the maximum allowable sentence reduction credits. The Petitioner's sentences do not contravene sections 40-35-501(h) or (i), and his sentence is not illegal. The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE