IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2021

**STATE OF TENNESSEE v. BRANDON BANKS**

**Appeal from the Criminal Court for Shelby County**
**No. 14-01723        Glenn Ivy Wright, Judge**
_____

**No. W2020-01484-CCA-R3-CD**
_____

The Defendant, Brandon Banks, pleaded guilty to first degree murder and aggravated cruelty to animals, and he received an effective life sentence. He filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, asserting that his life sentence is illegal because it is equivalent to a sentence of life without parole or a sentence of death. The trial court summarily denied relief, and the Defendant appeals. Because the Defendant did not raise a colorable claim for relief under Rule 36.1, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Shae Atkinson, Memphis, Tennessee, for the appellant, Brandon Banks.

Herbert H. Slatery III, Attorney General and Reporter; Samantha Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL HISTORY**

The record does not include the factual basis of the Defendant's convictions, but he was indicted for the first degree premeditated murder of the victim, Ms. Rachel Harrington; the first degree felony murder of the victim committed during the perpetration of a burglary; the especially aggravated burglary of the victim's home; two

counts of the aggravated kidnapping of Tyrannay Boyd; two counts of employing a firearm during the commission of a dangerous felony; two counts of aggravated cruelty to animals for causing the deaths of two separate dogs; and one count of being a convicted felon in possession of a firearm. The crimes at issue were committed on June 23, 2013. The Defendant pleaded guilty in 2015 to first degree felony murder and to one count of aggravated cruelty to animals, and he received concurrent sentences of life in prison and one year. For the first degree felony murder conviction, the release eligibility box on the judgment form shows that "Standard 30%" was crossed out and that an "x" was put in the box next to "1st Degree Murder."

On November 5, 2019, the Defendant filed a motion to correct an illegal sentence, asserting ineffective assistance of counsel, alleging that his sentence illegally included a release eligibility for his first degree murder conviction, asserting that a sentence of life imprisonment is the equivalent of a sentence of life without parole or a sentence of death due to the length of the anticipated incarceration, and arguing that the statutory scheme is accordingly unconstitutional and renders the sentence illegal. The State responded that the Defendant did not state a colorable claim and had not included the requisite documents. Counsel was appointed and filed an amended motion, asserting that the life sentence for first degree murder was illegal because it was the equivalent of a sentence of life without parole or death, in that the inmate is likely to die in prison whether sentenced to life imprisonment, life imprisonment without the possibility of parole, or death. The trial court denied the Rule 36.1 motion, concluding that the sentence was authorized by statute. The Defendant appeals.

## ANALYSIS

On appeal, the Defendant argues that his life sentence is illegal because, due to the length of time he would be imprisoned, it is indistinguishable from a sentence of life without parole or death, in that he is likely to die in prison. The State responds that the sentence is authorized by statute and is not illegal.

Whether a motion states a colorable claim under Rule 36.1 is a question of law reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593.

A defendant may seek to correct an illegal sentence by filing a motion under Tennessee Rule of Criminal Procedure 36.1 prior to the sentence's expiration. Tenn. R. Crim. P. 36.1(a)(1). An illegal sentence, for the purposes of Rule 36.1 "is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."

Tenn. R. Crim. P. 36.1(a)(2). The trial court must summarily deny relief if it determines that the motion does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

"[T]he definition of 'illegal sentence' in Rule 36.1 is coextensive with, and actually mirrors, the definition this Court has applied to that term in the habeas corpus context." *State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015); *see Wooden*, 478 S.W.3d at 594. Unlike clerical errors, which may be corrected at any time, and appealable errors, which generally involve attacks on the correctness of the trial court's methodology for imposing a sentence, some errors are termed fatal because they are so profound that they render a sentence illegal and void. *Wooden*, 478 S.W.3d at 595. "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.*

There is no dispute that life imprisonment was an authorized punishment for first degree murder at the time of the offense and sentencing. T.C.A. § 39-13-202(c)(3) (2013). For an offense of first degree murder committed on or after July 1, 1995, statute provides for no release eligibility, but it allows sentence reduction credits to operate to reduce the sentence by up to fifteen percent. T.C.A. § 40-35-501(i)(1), (2) (2013). Accordingly, a defendant who commits first degree murder on or after July 1, 1995, may be sentenced to a life sentence, which would require service of sixty years less any sentence reduction credits, allowing for the earliest possible release to occur after fifty-one years of imprisonment. *Brown v. Jordan*, 563 S.W.3d 196, 200-01 (Tenn. 2018).

The Defendant asserts that his life sentence is actually a sentence of life without the possibility of parole or a sentence of death (in prison), and that this contravenes the applicable statute. However, this Court has previously concluded that "life imprisonment sentences imposed by the trial court are not the equivalent to life imprisonment without the possibility of parole and are not in direct contravention of any statute." *State v. Robert Guerrero*, No. M2014-01669-CCA-R3-CD, 2015 WL 2208546, at *3 (Tenn. Crim. App. May 11, 2015); *see Robert Wayne Garner v. Grady Perry, Warden*, No. M2019-01349-CCA-R3-HC, 2020 WL 4719310, at *3 (Tenn. Crim. App. Aug. 13, 2020), *perm. app. denied* (Tenn. Dec. 2, 2020) (affirming dismissal of a habeas corpus petition which alleged that a life sentence was illegal because it did not allow for parole). There is nothing in the Defendant's sentence of life imprisonment that would render it illegal or contrary to statute, and the trial court did not err in concluding that the Defendant failed to state a colorable claim for relief.

## CONCLUSION

Based on the foregoing, we affirm the trial court's ruling.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE