IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 21, 2024

**STATE OF TENNESSEE v. RUBEN D. PIMENTEL**

**Appeal from the Circuit Court for Warren County**
**No. F9586    Larry B. Stanley, Jr., Judge**

_____

**No. M2023-00599-CCA-R3-CD**

_____

In 2005, the Defendant, Ruben D. Pimentel, pled guilty to the offense of first degree murder and accepted a negotiated sentence of imprisonment for life without possibility of parole. Thereafter, he filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that his sentence was illegal because it violates Tennessee Code Annotated section 40-35-501(h)(2), as amended in 2020, which provides that a defendant may be released from a life sentence after sixty years. The trial court summarily denied the motion, finding that the Defendant's sentence was not illegal. Upon our review, we respectfully disagree with the Defendant and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and MATTHEW J. WILSON, JJ., joined.

Ruben D. Pimentel, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Christian N. Clase, Assistant Attorney General; Chris Stanford, District Attorney General; and Daniel J. Barnes, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

As relevant to this appeal, the Defendant pled guilty in 2005 to the offense of first degree murder. As part of the plea agreement, the Defendant accepted a sentence of

imprisonment for life without possibility of parole. *See Pimentel v. State*, No. M2009-00668-CCA-R3-PC, 2010 WL 271160 at *2 (Tenn. Crim. App. Jan. 22, 2010), *no perm. app. filed*.

In February 2023, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, he alleged that a 2020 amendment to Tennessee Code Annotated section 40-35-501(h)(2) provides that a life sentence expires after sixty years. As such, he argued, his original sentence "forever prohibiting release" is "illegal and void." The Defendant requested that the trial court either allow him to withdraw his plea or amend the judgment to reflect a sentence of sixty years.

On April 3, 2023, the trial court summarily denied the motion. The court found that the Defendant's reliance on Tennessee Code Annotated section 40-35-501(h)(2) was "irrelevant." Instead, the trial court found that the Defendant's sentence is governed by section 40-35-501(h)(3), which provides that a sentence of imprisonment for life without possibility of parole has no release eligibility. The trial court denied the Defendant's motion, concluding that the Defendant's judgment properly reflected the agreed-upon sentence. The Defendant filed a timely notice of appeal on April 24, 2023.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the trial court correctly found that the Defendant failed to state a colorable claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. This question is one of law that we review de novo on appeal. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015); *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *8 (Tenn. Crim. App. Sept. 12, 2023) ("Whether a sentence is illegal is a question of law that we review de novo."), *no perm. app. filed*.

## ANALYSIS

Tennessee Rule of Criminal Procedure 36.1 provides that a defendant "may seek to correct an illegal sentence by filing a motion . . . in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

Our supreme court has observed that "few sentencing errors render sentences illegal." *Wooden*, 478 S.W.3d at 595. Sentencing errors may be clerical, appealable, or fatal errors, but "only fatal errors render sentences illegal." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (citation and internal quotation marks omitted). These fatal errors may include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Wooden*, 478 S.W.3d at 595.

When the Defendant pled guilty in 2005, the law provided that "[a] person convicted of first degree murder shall be punished by: (1) Death; (2) Imprisonment for life without possibility of parole; or (3) Imprisonment for life." Tenn. Code Ann. § 39-13-202(c) (2003 Repl.). The law also made clear that "[t]here shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder." *Id*. § 40-35-501(h)(2). The Defendant's sentence of imprisonment for life without possibility of parole was then, and remains now, a specifically authorized sentence for a conviction for first degree murder. *See* Tenn. Code Ann. §§ 39-13-202(c)(1)(B); 40-35-501(h)(3) (Supp. 2022).

In the trial court and on appeal, the Defendant makes a complicated argument about why his sentence is illegal. As we understand it, he starts with three premises. First, the Defendant asserts that before 1995, the punishment for first degree murder could be death, a life sentence that had no possibility of parole, and a life sentence that had parole eligibility.

Second, he notes that the General Assembly eliminated the release eligibility for all life sentences in 1995. *See* 1995 Tenn. Pub. Acts, ch. 492 (eff. July 1, 1995.) He argues that by eliminating release eligibility for life sentences, the legislature abolished any distinction between a sentence of life and a sentence of life without the possibility of parole. In other words, he maintains that the 1995 amendments effectively repealed the sentence of life without possibility of parole and created a single type of life sentence that was not subject to release eligibility.

Third, he asserts that in 2020, the legislature recognized that this single life sentence now has a "mandatory maximum" of sixty years and can expire before the defendant's death. *See* 2020 Tenn. Pub. Acts, ch. 453 (eff. July 15, 2020) (codified at Tenn. Code Ann. § 40-35-501(h)(2)). From these premises, he concludes that his current sentence, which does not expire until his death, is illegal because all life sentences have a release eligibility after sixty years.

3

We respectfully disagree with the Defendant's premises and his conclusion. The linchpin of the Defendant's argument is that the legislature essentially combined the sentence of life imprisonment with the sentence of life without possibility of parole into a single life sentence in 1995. This is simply not correct. These sentences have always been two separate sentences that operate independently of each other.

For example, as part of the 1989 Criminal Sentencing Reform Act, the General Assembly defined a "life sentence" as being a sentence of sixty years. *See* 1989 Tenn. Pub. Acts ch. 591, § 6 (codified at Tenn. Code Ann. § 40-35-501(g) (Supp. 1989)). Since 1989, this redefined life sentence has been subject to varying release eligibility requirements. However, the *length* of a life sentence has not changed—it has always been a term of sixty years. *See State v. Booker*, 656 S.W.3d 49, 55 (Tenn. 2022) ("This sentence [of life imprisonment] has a sixty-year term with release after fifty-one years if all applicable sentencing credits are earned and retained."), *cert. denied*, 143 S. Ct. 2663 (2023); *Brown v. Jordan*, 563 S.W.3d 196, 200 (Tenn. 2018) ("The addition of subsection (i) to 40-35-501 did not alter the provision in section 40-35-501 setting forth the length of the determinate sentence. It merely altered the release eligibility for the sentence. Thus, first-degree murders committed either before or after July 1, 1995, carry the same determinate sentence length of sixty years.").

The same is not true with a sentence of life without possibility of parole. Since its creation in 1993, the sentence of imprisonment for life without possibility of parole has been one that has no release eligibility. *See* 1993 Tenn. Pub. Acts, ch. 473, § 3 (adding Tenn. Code Ann. § 40-5-501(g)(2) ("There shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder.")). Indeed, because a sentence of life without possibility of parole "will not expire," it is qualitatively different from a "life sentence." *Lacy v. State*, No. M2020-01644-CCA-R3-HC, 2022 WL 662569, at *3 (Tenn. Crim. App. Mar. 7, 2022), *no perm. app. filed*.

As such, changes to the release eligibility of the sixty-year life sentence, whenever they have occurred, have not affected and are irrelevant to the separate sentence of life without possibility of parole. Nothing about the Defendant's sentence of imprisonment for life without possibility of parole is illegal or contravenes an applicable statute, and the trial court did not err in concluding that the Defendant's motion failed to state a colorable claim for relief. The Defendant's arguments are without merit.

The Defendant also raises additional issues in this appeal, including that his sentence of imprisonment for life without possibility of parole is indeterminate and violates the Fifth and Eighth Amendments to the United States Constitution. The Defendant did not raise these issues in the trial court, and he has presented them for the first time on

appeal.  As such, we conclude that these issues have been waived.  *See State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020) ("Generally, issues raised for the first time on appeal are waived." (citation and internal quotation marks omitted)).

## CONCLUSION

In summary, we hold that the Defendant's sentence of imprisonment for life without possibility of parole is not illegal, as it was, and remains, a specifically authorized punishment for the Defendant's conviction for first degree murder.  We respectfully affirm the judgment of the trial court denying the Defendant's claim for relief under Tennessee Rule of Criminal Procedure 36.1.

_____
TOM GREENHOLTZ, JUDGE