FILED

06/19/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE v. MARIO JOHNSON

Appeal from the Criminal Court for Shelby County
No. 98-09944        W. Mark Ward, Judge

_____

No. W2019-00934-CCA-R3-CD

_____

The Appellant, Mario Johnson, appeals the trial court's summary denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Mario A. Johnson, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On March 8, 2001, the Appellant was convicted by a Shelby County jury of first degree felony murder during the perpetration of a robbery. The Appellant received a life sentence to be served consecutively to his effective twenty-three year sentence in two other cases. This Court affirmed the trial court's judgment on direct appeal. *State v. Mario Johnson*, No. W2001-00898-CCA-R3-CD, 2002 WL 1549662 (Tenn. Crim. App. Jan. 16, 2002), *no perm. app. filed*. The Appellant subsequently filed a petition for post-conviction relief, the denial of which was affirmed by this Court on appeal. *Mario Johnson v. State*, No. W2009-01023-CCA-R3-PC, 2010 WL 3894634 (Tenn. Crim. App. Oct. 5, 2010), *no perm. app. filed*.

On May 15, 2019, the Appellant filed a pleading entitled "Writ of Mandamus Rule/[36.1] Motion to Correct Illegal Sentence/State Habeas Corpus and/or Post-Conviction Relief." The pleading alleged that the Appellant's sentence is void and illegal because it "includes a release eligibility . . . in direct contravention of" several statutes. The single-page, type-written pleading contained in the record on appeal appears to be cut off mid-sentence and is followed by a hand-written document entitled "Affidavit of Prior Proceedings on Grounds of State Habeas Corpus Relief Being Filed." That same day, the trial court entered an order summarily denying the pleading. On May 28, 2019, the Appellant filed a timely notice of appeal.

On appeal, the Appellant asserts that his life sentence is illegal and void because it includes a release eligibility date in direct contravention of the following statutes: T.C.A. § 39-13-204(d) and (e); T.C.A. § 39-13-202(c); and T.C.A. § 40-35-501. Additionally, the Appellant asserts that he is raising four certified questions of law pursuant to Tennessee Supreme Court Rule 23[1] in an attempt to exhaust his state remedies prior to seeking relief in the federal courts. Though the Appellant's brief makes mention of statutory construction, sentencing procedure, the constitutional protection against double jeopardy, and plain error review of jury instructions, it is not clear from the record what his four certified questions of law are or whether they were ever presented in any manner to the trial court. The Appellant also requests that this Court grant relief pursuant to Tennessee Supreme Court Rule 28, § 9(B) and (C), relating to the relief available in post-conviction proceedings. The State responds that the trial court's summary dismissal was appropriate given that the Appellant's pleading failed to state a proper claim for relief.

As an initial matter, we note that "[p]leadings prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012). Courts are "not bound by the title of the pleading," but have "the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). Although it is not clear from the trial court's order how it construed the Appellant's pleading, the allegation made in the pleading – that the Appellant's life sentence is illegal because it directly contravenes several statutes – clearly falls within the ambit of Tennessee Rule of Criminal Procedure 36.1. Thus, we shall treat the Appellant's pleading as a motion for the correction of an illegal sentence pursuant to Rule 36.1.

---

[1] Tennessee Supreme Court Rule 23, §1 provides that the supreme court "may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee." Clearly, this rule is inapplicable as the Appellant is not an enumerated "certifying court."

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

In this case, the Appellant's sentence does not contravene any of the statutes cited in his pleading. Tennessee Code Annotated section 39-13-202(c) states that a person convicted of first degree murder may be punished by a sentence of death, life without the possibility of parole, or life. The Appellant's sentence of life for his first degree felony murder conviction is clearly permissible under this statute.

Tennessee Code Annotated section 40-35-501(i) provides that for a person who has committed the offense of first degree murder on or after July 1, 1995, "[t]here shall be no release eligibility. . . . The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." T.C.A. § 40-35-501(i)(1). As our supreme court recently explained, "[t]he determinate sentence for a life sentence is sixty years," and "a defendant who commits a first-degree murder on or after July 1, 1995, may be released, at the earliest, after service of fifty-one years." *Brown v. Jordan*, 563 S.W.3d 196, 200-01 (Tenn. 2018) (citing T.C.A. §§ 40-35-501(h), (i)). The judgement form for the Appellant's conviction for first degree murder reflects a sentence of life, and none of the boxes for release eligibility are checked. Thus, the Appellant's sentence does not contain a release eligibility date in contravention of Tennessee Code Annotated section 40-35-501(i).

Finally, the Appellant's references to portions of Tennessee Code Annotated section 39-13-204, which describes the sentencing procedures for persons convicted of first degree murder, would not entitle him to relief. Tennessee Code Annotated section 39-13-204(d) allows both parties to make a closing argument during a sentencing hearing, and Tennessee Code Annotated section 39-13-204(e) addresses the trial court's instructions to the sentencing jury. The Appellant has failed to articulate how the violation of either subsection, if such even occurred in his case, would render his life sentence illegal, thereby waiving this claim. *See* Tenn. Crim. Ct. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

Finally, Appellant's reference in his appellate brief to Tennessee Supreme Court Rule 28, which addresses the remedies available in post-conviction proceedings, would not entitle him to relief. As noted above, the Appellant already filed a petition for post-conviction relief that was denied on the merits. *See Mario Johnson*, 2010 WL 3894634. The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). The Appellant did not allege any of the grounds listed in Tennessee Code Annotated section 40-35-117(a) that would entitle him to reopen his prior post-conviction proceedings. Therefore, even if we construed the Appellant's pleading as a petition for post-conviction relief, the trial court did not err in summarily dismissing it.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
ALAN E. GLENN, JUDGE