IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 6, 2021

## MONTEZ ADAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-20-118        Roy B. Morgan, Jr., Judge**

_____

## No. W2020-00885-CCA-R3-PC
_____

In 1997, a jury convicted the Petitioner, Montez Adams, of first degree felony murder, especially aggravated burglary, conspiracy to commit especially aggravated burglary, and theft over $500, and he received an effective life sentence. On appeal, this court vacated the conviction for especially aggravated burglary and ordered the entry of a conviction for aggravated burglary and an accompanying ten-year sentence. *State v. Montez Antuan Adams, et. al.*, No. 02C01-9709-CC-00352, 1998 WL 556174, at *1, 2 n.1 (Tenn. Crim. App. Sept. 1, 1998), *perm. app. denied* (Tenn. Apr. 5, 1999). In the following years, the Petitioner litigated post-judgment motions, including a petition for post-conviction relief. It appears that a new judgment form reflecting the Petitioner's conviction for aggravated burglary rather than especially aggravated burglary was not entered until 2019. Subsequently, the Petitioner filed this instant second petition for post-conviction relief, asserting that the new judgment form reset the statute of limitations with regard to his claims of post-conviction relief. The post-conviction court dismissed the petition, concluding that it was not timely and that the claims had been either previously determined or waived. We conclude that the delayed entry of the corrected judgment, as mandated by this court in 1998, does not permit the Petitioner to relitigate the post-conviction claims raised in his petition. Accordingly, the dismissal is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Montez Adams, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

The Petitioner and three co-defendants were charged with first degree felony murder, especially aggravated burglary, conspiracy to commit especially aggravated burglary, and theft over $500 when co-defendant Mr. Marcus Lamont Willoughby shot the victim, Mr. Antonio Givens, to death as the victim returned home during the burglary. *State v. Montez Antuan Adams, et. al. ("Adams I")*, 1998 WL 556174, at *1, 2 n.1. One of the co-defendants, Mr. Marquel Horton, testified for the State as part of a plea agreement, and the weapon used to murder the victim, which had been stolen from the victim's residence, was recovered from the home of co-defendant Mr. Ricardo Maxwell. *Id.* at *2-3 & n.1. The Petitioner was convicted as charged and sentenced to life in prison for felony murder and as a Range II offender to twenty years for especially aggravated burglary, eight years for conspiracy to commit aggravated burglary, and four years for theft of property valued at over $500, with all the sentences to run concurrently. *Montez Antuan Adams v. State ("Adams II")*, No. W2001-02488-CCA-R3-PC, 2003 WL 103205, at *1 (Tenn. Crim. App. Jan. 9, 2003); *see Adams I*, 1998 WL 556174, at *1.[1]

This court addressed the various issues raised by the three defendants who had been convicted at trial in a single opinion. *Adams I*, 1998 WL 556174, at *1. In particular, this court concluded that the defendants could not be convicted both of felony murder committed during especially aggravated burglary and the underlying felony of especially aggravated burglary because the statute defining especially aggravated burglary prohibited such convictions. *Id.* at *6; *see* T.C.A. § 39-14-404(d) ("Acts which constitute an offense under this section may be prosecuted under this section or any other applicable section, but not both."); *State v. Tolbert*, 507 S.W.3d 197, 214 (Tenn. Crim. App. 2016). Accordingly, this court modified the convictions: "We therefore modify the convictions for all Defendants to aggravated burglary, and we reduce the sentences as follows: Adams, from twenty years to ten years…." *Adams I*, 1998 WL 556174, at *6. The court ended the opinion by specifying, "We vacate the conviction for especially aggravated burglary and order instead entry of convictions for aggravated burglary. The Defendants' sentences for aggravated burglary are set as follows: Adams, 10 years; Maxwell, 6 years; and Willoughby, 6 years. All sentences are to be served concurrently." *Id.* at *9. The Tennessee Supreme Court denied permission to appeal.

---

[1] Although *Adams II* states that the last three convictions were to be served consecutively to the life sentence, both *Adams I* and this court's records in the Petitioner's later appeals indicate all the sentences were concurrent. *Adams I*, 1998 WL 556174, at *1; *Adams II* 2003 WL 103205, at *1; *see Brown v. Jordan*, 563 S.W.3d 196, 198 n.3 (Tenn. 2018) (taking judicial notice of the record in earlier proceedings of the case).

The Petitioner then filed a petition for post-conviction relief, asserting "several ineffective assistance of counsel claims," including a claim that trial counsel was ineffective for not challenging the trial court's failure to charge lesser included offenses of felony murder. *Adams II*, 2003 WL 103205, at *1. The sole issue on appeal was whether the post-conviction court had improperly refused to consider this claim, and this court remanded for the post-conviction court to consider the claim and conduct a second evidentiary hearing allowing proof on the claim. *Id.* at *3. After the second evidentiary hearing, the post-conviction court again denied relief, and this court concluded that trial counsel did not provide ineffective assistance by failing to request lesser included offenses or to raise the issue on appeal. *Montez Antuan Adams v. State ("Adams III")*, No. W2004-01013-CCA-R3-PC, 2005 WL 1105185, at *4-5 (Tenn. Crim. App. May 6, 2005), *perm. app. denied* (Tenn. July 8, 2005).

The Petitioner then sought habeas corpus relief, asserting that the inclusion of the mens rea of recklessness in the indictment charging him with felony murder, which required no culpable mental state save the intent to commit the underlying felony, resulted in a void judgment. *Montez Adams v. Warden ("Adams IV")*, No. M2016-01073-CCA-R3-HC, 2017 WL 564897, at *2 (Tenn. Crim. App. Feb. 13, 2017), *perm. app. denied* (Tenn. June 7, 2017). This court affirmed the dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. *Id.* at *1.

The Petitioner filed a second petition for post-conviction relief on April 29, 2020.[2] Attached as an exhibit to the petition was an unsigned Rule 36 motion to correct a clerical mistake in the judgment, which was dated October 1, 2019, and in which the Petitioner asserted that the trial court had neglected to file a new judgment form in conformity with this court's 1998 opinion on direct review. Also attached as an exhibit is the State's response conceding that a new judgment form should be completed to reflect the conviction and sentence as modified on appeal. While neither of these documents is file-stamped, the exhibits also include a corrected judgment form filed on October 11, 2019, which reflects the conviction and sentence imposed by this court on direct appeal.

The 2020 petition for post-conviction relief asserted that it was timely filed because it was filed within one year of the corrected judgment form filed in response to the Petitioner's Rule 36 motion. The grounds for post-conviction relief asserted in the petition are: (1) that the Petitioner's felony murder conviction violated due process due to an error instructing the jury on the necessity of corroboration of accomplice testimony; (2) that his right to due process was violated when the trial court did not instruct the jury that a life sentence required service of twenty-five calendar years prior to parole

---

[2] The Petitioner simultaneously filed a "Motion to Dismiss Affidavit of Complaint for Lack of Jurisdiction." This motion is not at issue on appeal.

eligibility; (3) that his felony murder conviction was void because the trial court failed to instruct the jury on lesser included offenses despite the fact that the Petitioner had disassociated himself from the criminal activity; (4) that the court did not have jurisdiction to impose a life sentence; and (5) that the court lacked jurisdiction to convict him of both especially aggravated burglary and felony murder because such a conviction was contrary to statute.

The State filed a response asserting that the petition should be dismissed on various grounds. The post-conviction court found that relief was barred by the statute of limitations, that this was the Petitioner's second petition for post-conviction relief, that the issues had been previously determined or waived, that the Petitioner had been granted relief on the especially aggravated burglary conviction, and that the petition did not merit relief as a habeas corpus petition, writ of error coram nobis, or a petition to reopen a previous post-conviction petition. The Petitioner appeals, asserting that he is entitled to consideration of the issues raised in the petition because it was filed within one year of the corrected judgment form and is, therefore, not untimely.

**ANALYSIS**

On appeal, the Petitioner argues that: (1) the post-conviction court erred in dismissing his petition based on the statute of limitations; (2) that the trial court had no jurisdiction to enter the new judgment form reflecting the conviction and sentence which this court imposed in the Petitioner's 1998 appeal; and (3) that his right to due process was violated by the trial court's failure to enter the new judgment form in a timely manner, by his service of the original twenty-year sentence, and because the judge who entered the corrected judgment was disqualified. He asserts he is entitled to have his felony murder and aggravated burglary convictions vacated. The State responds that the post-conviction court properly dismissed the petition because it was a second post-conviction petition and because the claims were either previously determined or waived, it notes that not all of the issues raised on appeal were raised before the post-conviction court, and it argues that the Petitioner is not in any event entitled to relief. We conclude that the post-conviction court properly dismissed the petition based both on timeliness and on other grounds listed in the order and that the remaining issues are not properly before this court.

Initially, we observe that, of the issues raised on appeal, the only issue presented to the post-conviction court was whether the statute of limitations barred post-conviction relief. Although the Petitioner now argues that the trial court had no jurisdiction to enter the aggravated burglary judgment form, which we note was entered in granting relief on the Petitioner's own Rule 36 motion, the Petitioner did not appeal the judgment, and it became final in November 2019, thirty days after its entry. *See* Tenn. R. Crim. P. 36

- 4 -

(noting that a court can at any time correct an error arising from oversight or omission and that the defendant and state both have a right of appeal from such an order). Neither did the Petitioner challenge this judgment in a timely post-conviction or habeas corpus petition. While the Petitioner did file a post-conviction petition premised on the date of entry of the new judgment, the only issue related to the aggravated burglary raised in the post-conviction petition was the one on which the Petitioner had been granted relief twenty years prior to the petition — the issue of whether the Petitioner could be convicted of both especially aggravated burglary and felony murder. The Petitioner never argued to the post-conviction court that the corrected judgment was void because the trial court lacked jurisdiction, and the post-conviction court dismissed the petition without the opportunity to consider this issue. *See Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020) ("Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection."). In any event, the Petitioner has presented no argument that the trial court did not have jurisdiction to comply with this court's 1998 order instructing it to create a new judgment form. *See* Tenn. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission."). We conclude that, under *Holland*, the Petitioner has waived appellate review of all claims save those raised in the post-conviction petition.

The Petitioner asserts on appeal that, insofar as the dismissal of the post-conviction petition was premised on the statute of limitations, the post-conviction court erred in dismissing the petition because the entry of the corrected judgment of aggravated burglary reset the time for filing a post-conviction petition. A post-conviction court has no jurisdiction to consider a petition filed after the expiration of the one-year limitations period. T.C.A. § 40-30-102(a), (b). The Petitioner relies on caselaw that "[u]pon the entry of an amended judgment, … the one-year statute of limitations period for post-conviction relief is reset." *Steven Padgett King v. State*, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, at *1 (Tenn. Crim. App. Aug. 30, 2017) (citing *Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *4 (Tenn. Crim. App. Aug. 19, 2009)). However, both *Steven Padgett King* and *Michael Garrett* addressed post-conviction claims related to a substantive change in the judgment wrought by the amended judgment form. *See id.* (both cases addressing an amendment to impose community supervision for life). "While it is true that the one-year statute of limitations for post-conviction relief begins anew from the entry of an amended judgment, in such a case, the issues that may be raised are limited to and stem from the amendment," and issues in the petition "beyond the scope of the amendment" do not merit relief. *Arturo Cardenas, Jr., v. State*, No. M2019-00899-CCA-R3-HC, 2020 WL 5615110, at *4 (Tenn. Crim. App. June 10, 2020), *no perm. app. filed*. Indeed, the correction of a clerical error

under Rule 36 "'does not extend the statutory period for filing a petition for post-conviction relief.'" *Alan Hall v. State*, No. E2000-01522-CCA-R3-PC, 2001 WL 543426, at *3 (Tenn. Crim. App. May 23, 2001) (concluding that the limitations period for post-conviction relief was not extended when the judgment was corrected to accurately reflect the plea agreement) (quoting *Kenneth J. Hall v. State*, No. 03C01-9609-CR-00342, 1998 WL 208080, at *2 (Tenn. Crim. App. Apr. 15, 1998)).

In this case, all of the claims in the petition but one relate to the Petitioner's felony murder conviction, which was not affected by the correction to the judgment form for the aggravated burglary conviction. The statute of limitations for post-conviction relief for the felony murder conviction was not reset by an amendment to a completely separate jury conviction, and the post-conviction court properly ruled that these claims were barred by the limitations period.

For the remaining post-conviction claim related to the aggravated burglary, the corrected judgment had the effect of merely correcting an oversight or omission in the trial court's failure to carry out this court's order on appeal. *See* Tenn. R. Crim. P. 36; *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) ("Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36."). The corrected judgment made no substantive change to the order of this court vacating the especially aggravated burglary conviction and modifying the conviction to aggravated burglary with an accompanying ten-year sentence, and the Petitioner had the opportunity to appeal this court's judgment and seek post-conviction relief on that judgment twenty years ago. Accordingly, because the petition was not filed within the limitations period for any of the claims asserted, the post-conviction court had no jurisdiction to consider it. T.C.A. § 40-30-102(a), (b). While the Petitioner argues that there was no underlying conviction between the time this court vacated the especially aggravated burglary conviction and the entry of the corrected judgment, the record reveals that this court "modif[ied]" the conviction and that the parties' continued reliance on a judgment form reflecting a conviction for especially aggravated burglary rather than aggravated burglary was the result of clerical error. *See Adams I*, 1998 WL 556174, at *6.

Dismissal of the claim related to the aggravated burglary was also proper because the Petitioner already received relief on this claim in 1998, when this court vacated the especially aggravated burglary conviction and ordered the entry of a judgment reflecting a conviction for aggravated burglary and a ten-year sentence. *Adams I*, 1998 WL 556174, at *9. We likewise agree with the State that the dismissal of the petition was proper on the grounds that the Petitioner had already sought post-conviction relief regarding the judgments at issue, *see* T.C.A. § 40-30-102(c) ("If a prior petition has been

filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed"), and on the grounds that the issues raised in the petition had either been previously determined, *see* T.C.A. § 40-30-106(h); *Adams I*, 1998 WL 556174, at \*6 (granting relief on the especially aggravated burglary conviction); *Adams III*, 2005 WL 1105185, at \*4-5 (denying relief on ineffective assistance regarding lesser included offenses), or waived, *see* T.C.A. § 40-30-106(g); *Adams I*, 1998 WL 556174, at \*6 (not raising issues regarding accomplice testimony, trial court's refusal to charge lesser included offenses, instructions on a life sentence, or jurisdiction to impose a life sentence); *Adams II*, 2003 WL 103205, at \*1 (not raising on appeal post-conviction claims with regard to the same); *Adams III*, 2005 WL 1105185, at \*4-5 (same). The post-conviction court did not err in dismissing the petition.

## CONCLUSION

Based on the foregoing reasoning, we affirm the dismissal of the petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE