IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 4, 2021

**STATE OF TENNESSEE v. TERRANCE B. SMITH**

**Appeal from the Circuit Court for Tipton County**
**No. 3593     Joe H. Walker, III, Judge**

_____

**No. W2020-01596-CCA-R3-CD**
_____

The Defendant, Terrance B. Smith, appeals the trial court's summary denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he challenged his life sentence resulting from his first degree murder conviction for an offense that occurred in 1998. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Terrance B. Smith, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

A Tipton County jury convicted the Defendant and his co-defendant of first degree murder for their April 1998 killing of the victim, Mr. Raymond Thompson, and the trial court imposed a life sentence for both defendants. *State v. Michael D. Pride and Terrance B. Smith*, No. W1999-01243-CCA-R3-CD, 1999 WL 1097835, at *1 (Tenn. Crim. App. Nov. 29, 1999). The Defendant's conviction was affirmed on direct appeal. *Id.* at *5. The Defendant filed a pro se petition for post-conviction relief, alleging claims of ineffective assistance of counsel and judicial misconduct. *Terrance B. Smith v. State*,

No. W2004-02366-CCA-R3-PC, 2005 WL 2493475, at *1 (Tenn. Crim. App. Oct. 7, 2005). The post-conviction court denied the Defendant's petition, and its decision was affirmed on appeal. *Id.* at *9.

The present appeal concerns the trial court's denial of the Defendant's October 9, 2020, pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, in which the Defendant claimed that his sentence was illegal because his life sentence was not authorized by statute and because the Tennessee Department of Correction ("TDOC") improperly interpreted statutes affecting his release eligibility. The trial court found that the TDOC has the sole authority to calculate inmates' release eligibility dates and that the Defendant's motion did not state a colorable claim for relief under Rule 36.1. The trial court summarily denied the Defendant's motion, and the Defendant appeals.

## ANALYSIS

### I. Timeliness of the Defendant's Notice of Appeal

We briefly address the timeliness of the Defendant's notice of appeal to consider the State's argument that we should dismiss his appeal because he failed to file the notice within thirty days of the trial court's order. Tennessee Rule of Appellate Procedure 4(a) states,

> In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the timely filing of such document may be waived in the interest of justice.

"'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb.13, 1996)). The

trial court entered its order on October 12, 2020, and the Defendant filed the notice of appeal on November 30, 2020.

The Defendant alleges that he placed his notice of appeal in the mailbox at his correctional facility on October 27, 2020, but lost documents reflecting his mailing of the notice when he was transferred to another correctional facility. Because of these circumstances, the Defendant requests this court to waive the thirty-day filing requirement established in Rule 4. After careful review of the circumstances underlying the untimely filing of the Defendant's notice of appeal, we conclude that the interest of justice mandates waiver and that the timely filing of the Defendant's notice of appeal is waived. *See Rockwell*, 280 S.W.3d at 214 (citing *Michelle Pierre Hill*, 1996 WL 63950, at *1).

## II. Motion to Correct an Illegal Sentence

On appeal, the Defendant claims that his life sentence is illegal because it was not authorized by statute and that the TDOC improperly interpreted statutes affecting his release eligibility. He also alleges that his sentence was illegal because it violated the Eighth Amendment's prohibition against cruel and unusual punishments. The State responds that the Defendant waived his claims by failing to include the underlying judgment of conviction form in the record and that he otherwise failed to state a colorable claim for relief. We agree with the State that the Defendant failed to comply with the procedural requirements of Rule 36.1 and that the Defendant failed to state a colorable claim for relief.

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant "may seek to correct an illegal sentence by filing a motion to correct illegal sentence in the trial court in which the judgment of conviction was entered." Only fatal errors, which include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses," render a defendant's sentence illegal. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 448-49 (Tenn. 2011); *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2011)).

Pursuant to Tennessee Rule of Criminal Procedure 36.1, the defendant moving for relief "must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Tenn. R. Crim. P. 36.1(a)(1). The Defendant in the present case failed to attach the judgment of conviction to his Rule 36.1 motion, which alone is a sufficient basis for our court to affirm the trial court's judgment. In any event, we

conclude that the trial court did not err in denying the motion on the basis that it failed to state a colorable claim for relief.

A trial court may summarily dismiss a defendant's Rule 36.1 motion if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law reviewed de novo on appeal. *Id.* at 589.

The Defendant contends that his life sentence was not an authorized punishment and that the trial court erred in imposing it. At the time the Defendant committed the underlying offense, our statutes required that a defendant convicted of first degree murder must be punished by death, imprisonment for life without possibility of parole; or imprisonment for life. T.C.A. § 39-13-202(c) (1997). Regarding the release eligibility for defendants convicted of certain enumerated offenses,

> There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

T.C.A. § 40-35-501(i)(1) (1997). First degree murder was an offense enumerated in subdivision (i)(2). T.C.A. § 40-35-501(i)(2)(A) (1997). As our Supreme Court recently recognized, "[t]he determinate sentence for a life sentence is sixty years," and "a defendant who commits a first-degree murder on or after July 1, 1995, may be released, at the earliest, after service of fifty-one years." *Brown v. Jordan*, 563 S.W.3d 196, 200-01 (Tenn. 2018) (citing T.C.A. § 40-35-501(h), (i)). Therefore, the Defendant's life sentence was authorized under the applicable statutes, and he failed to state a colorable claim.

The Defendant also claims that the TDOC has improperly interpreted the statutes governing his release eligibility. In light of the Supreme Court's decision in *Brown*, 563 S.W.3d at 200-01, and the statutes cited above, we disagree. In any event, a challenge to the TDOC's miscalculation of release eligibility is not a colorable claim for relief under Rule 36.1. *See State v. Jimmy Lee Pearce, Jr.*, No. W2020-00552-CCA-R3-CD, 2021 WL 3136727, at *4 (Tenn. Crim. App. July 22, 2021), *no perm. app. filed*. Therefore, the Defendant is not entitled to relief on this claim.

The Defendant also alleges that his life sentence violates the Eighth Amendment to the United States Constitution. The Defendant relies upon the United States Supreme Court's opinion in *Miller v. Alabama* and its progeny and argues that his sentence is excessive since he will be nearly seventy years old before reaching parole eligibility. The United States Supreme Court has held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012). However, as the Defendant concedes in his brief, he was an adult when the offense occurred, so the rule of law established in *Miller* does not apply to his case. Additionally, a claim asserting that the Defendant's sentence was excessive in violation of the Eighth Amendment is not a colorable claim under Rule 36.1 as any such violation would render the judgment voidable and not void. *State v. Gregory L. Hatton*, No. M2018-00909-CCA-R3-CD, 2019 WL 211526, at *5 (Tenn. Crim. App. Jan. 16, 2019), *perm. app. denied* (Tenn. March 27, 2019) (citing *State v. Brandon D. Washington*, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685, *2 (Tenn. Crim. App. June 9, 2017)); *State v. Sammie Lee Taylor*, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016). Therefore, the Defendant failed to state a colorable claim for relief, and the trial court properly denied his motion summarily.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE