IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2022

**DANNY RAY LACY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**Nos. CR-16801; C99-144    Christopher V. Sockwell, Judge**

_____

**No. M2020-01644-CCA-R3-HC**

_____

The Petitioner, Danny Ray Lacy, appeals the Wayne County Circuit Court's summary dismissal of his petition for a writ of habeas corpus for his first degree murder conviction, for which he received a sentence of life imprisonment without the possibility of parole. The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Danny Ray Lacy, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha Simpson, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 3, 1995, the Petitioner was indicted for first degree felony murder during the commission of aggravated child abuse of the five-year-old victim. The Petitioner was convicted as charged, and he received a sentence of life imprisonment without the possibility of parole. *See State v. Lacy*, 983 S.W.2d 686, 687 (Tenn. Crim. App. 1997). The Petitioner unsuccessfully sought post-conviction relief on the ground that trial counsel was ineffective for failing to obtain the 9-1-1 call recording, to prepare adequately for the trial, and to present potentially exculpatory evidence. *See Danny Ray Lacy v. State*, No. W2000-01898-CCA-R3-PC, at slip op. *1-2 (Tenn. Crim. App. June 7, 2001).

In 2008, the Petitioner sought a writ of habeas corpus on the basis that the trial court erroneously instructed the jury and that trial counsel provided ineffective assistance by failing to object to the instructions. However, this court affirmed the summary dismissal of the petition for the failure to state a cognizable claim for relief. *See Danny Ray Lacy v. Cherry Lindamood, Warden, and State*, No. M2009-00072-CCA-R3-CO, 2009 WL 3029616, at *1-2 (Tenn. Crim. App. Sept. 22, 2009). In 2015, the Petitioner sought error coram nobis relief, alleging the police possessed newly discovered exculpatory evidence, and this court affirmed the coram nobis court's determinations that the evidence was not newly discovered, that the petition was time-barred by the statute of limitations, and that due process tolling of the limitations period was not warranted. *See Danny Ray Lacy v. State*, No. W2015-02345-CCA-R3-ECN, 2016 WL 4037296, at *1-2 (Tenn. Crim. App. July 25, 2016).

On March 22, 2019, the Petitioner filed a motion to correct a clerical error in the judgment form pursuant to Tennessee Criminal Procedure Rule 36. He asserted that his life sentence without the possibility of parole was a determinate sentence of sixty years of incarceration pursuant to *Brown v. Jordan*, 563 S.W.3d 196 (Tenn. 2018), and that the judgment form contained a clerical error because it failed to reflect the number of years of incarceration. *See State v. Danny Ray Lacy*, No. W2019-00748-CCA-R3-CD, 2020 WL 1972610, at *1-2 (Tenn. Crim. App. Apr. 24, 2020), *perm. app. denied* (Tenn. Sept. 21, 2020). On appeal, this court determined that the judgment form did not contain a clerical error because life without the possibility of parole "carrie[s] no release eligibility" and that *Brown* was inapplicable to the Petitioner's sentence. *Id*. at *2.

On July 2, 2020, the Petitioner filed the present petition for a writ of habeas corpus, alleging that his sentence had expired because he had "served the mandatory minimum amount of time necessary to expire his life sentence, for a first degree murder committed before July 1st, 1995, without [sic] or without parole." He argues that because the offense occurred before July 1, 1995, Tennessee Code Annotated section 40-35-501(h)(1) related to release eligibility for a sentence of life imprisonment applied to his sentence. He asserted that the aggregate amount of time he had been incarcerated -- twenty-six years -- and his prison reduction credits -- thirteen years -- totaled thirty-nine years. He argued that, as a result, he had served sixty percent of his sixty-year-sentence and was entitled to release.

On July 21, 2020, the State filed a motion to dismiss the petition for relief. The State asserted that the Petitioner failed to attached his first petition for a writ of habeas corpus pursuant to Tennessee Code Annotated section 29-21-107(b)(4) and that, as a result, dismissal was warranted. Further, the State argued that the Petitioner had failed to state a cognizable claim for relief because his sentence of life imprisonment without the possibility of parole had not expired and because the Petitioner was not eligible for any type of release pursuant to Code section 40-35-501(a)(2) and (h)(2). Finally, the State

-2-

argued that the Petitioner's claim had been previously litigated and that he was barred from raising the issue.

On November 9, 2020, the habeas corpus court entered an order granting the State's motion to dismiss. The court determined that the Petitioner failed to comply with the procedural requirements of Tennessee Code Annotated section 29-21-107(b)(4) and that the Petitioner's sentence had not expired. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He argues that his sentence has expired based upon his years of incarceration and his sentence reduction credits. The State responds that the habeas corpus court properly dismissed the petition because the Petitioner failed to attach his first petition for relief to the present petition and failed to state a colorable claim for relief. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2018); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer*, 851 S.W.2d at 161; *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2019); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

## A. Procedural Defect in the Petition for Relief

The procedures governing the requirements for a petition for a writ of habeas corpus are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130 (2018).

The "procedural requirements 'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165). A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004). Code section 29-21-107(b)(4) requires that a petition for a writ of habeas corpus state whether a "previous application has been made," and if so, requires that a copy of any previous petition and "proceedings thereon" be attached to the petition or that "satisfactory reasons be given for the failure to do so."

The record reflects that although the Petitioner previously sought a writ of habeas corpus on the grounds that the trial court erred during jury instructions and that trial counsel provided ineffective assistance by failing to object to the instructions, the Petitioner failed to disclose in his present petition that he had previously sought habeas corpus relief and failed to include the previous petition or to provide an explanation for the failure to do so. *See Danny Ray Lacy*, 2009 WL 3029616, at *1. As a result, the habeas corpus court did not err by summarily dismissing the petition for the failure to comply with the statutory procedural requirements.

## B.     Cognizable Claim for Relief

The Petitioner cites to *Brown v. Jordan*, 563 S.W.3d 196 (Tenn. 2018), for the proposition that his life sentence without the possibility of parole has expired. In *Brown*, our supreme court addressed the release eligibility of a defendant who has received a sentence of life imprisonment, not life imprisonment without the possibility of parole. *Id.* at 199-202; *see* T.C.A. § 39-13-202(c)(1)-(3) (1994) (subsequently amended) (stating the possible sentences for first degree murder include death, life imprisonment without the possibility of parole, and life imprisonment). In the context of a sentence of life imprisonment for a first degree murder committed on or after July 1, 1995, the sentence imposed is sixty years at 100% service, but a defendant "may be released after service of at least fifty-one years," if the defendant earns the maximum allowable sentence reduction credits of fifteen percent. *Brown*, 563 S.W.3d at 202; *see* T.C.A. § 40-35-501(h)(1) (1994) (subsequently amended), (i)(1)-(2) (2019). In the context of a sentence of life imprisonment for a first degree murder committed before July 1, 1995, "the release eligibility occurs after service of sixty percent of sixty years less any sentencing credits earned, but those sentence credits cannot operate to enable a defendant to become eligible for release until a minimum of twenty-five calendar years have been served." *Brown*, 563 S.W.3d at 200; *see* T.C.A. § 40-35-501(h)(1).

However, the record reflects that the Petitioner received a sentence of life imprisonment without the possibility of parole, and "[t]here shall be *no release eligibility* for a defendant receiving a sentence of *imprisonment for life without the possibility of*

-4-

*parole* for first degree murder[.]" T.C.A. § 40-35-501(h)(2) (emphasis added). As a result, the Petitioner's sentence has no release eligibility and will not expire. We note that a panel of this court previously held that *Brown* was inapplicable to the Petitioner's sentence and that life imprisonment without the possibility of parole did not have a release eligibility. *See Danny Ray Lacy*, 2020 WL 1972610, at *2. We conclude that the habeas corpus court did not err by summarily dismissing the petition for relief on the basis that it failed to state a cognizable claim.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE