IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2024

**STATE OF TENNESSEE v. ANTHONY E. PERRY**

**Appeal from the Criminal Court for Shelby County**
**No. 96-06387          Chris Craft, Judge**

_____

**No. W2023-01557-CCA-R3-CD**

_____

Nearly 29 years ago, Anthony E. Perry, Defendant, kidnapped and killed Dorothy Webber. Defendant now appeals from the dismissal of his motion to correct a clerical error under Tennessee Rule of Criminal Procedure 36. In the motion, Defendant argued that he was entitled to release eligibility after serving 25 years in incarceration on a life sentence for first degree murder, that his sentence was illegal because there was no notation in the special conditions box on the judgment form to inform the Department of Correction to calculate his release date under Tennessee Code Annotated section 40-35-501(i), and that his release eligibility calculation violated the ex post facto clauses of the Tennessee and United States constitutions. Because the trial court did not abuse its discretion in dismissing the motion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TOM GREENHOLTZ, J., joined.

Anthony Perry, Pro Se, Henning, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was convicted of one count of first degree murder in the perpetration of a kidnapping, one count of especially aggravated kidnapping, and one count of conspiracy to commit felony murder by a jury in 1999 for events that took place in 1995. *State v.*

*Perry*, No. W1999-01370-CCA-R3-CD, 2001 WL 792627, at *1 (Tenn. Crim. App. July 13, 2001), *no perm. app. filed*. According to Defendant, the State sought the death penalty, but the jury sentenced him to life for the murder conviction. Defendant also received sentences of 20 years for especially aggravated kidnapping and 15 years for conspiracy, to be served concurrently. *Id*. On appeal, this Court affirmed the murder and especially aggravated kidnapping convictions but reversed and dismissed the conviction for conspiracy to commit felony murder because it was not an offense. *Id.*

Defendant then sought post-conviction relief by filing a pro se petition. *Perry v. State*, No. W2006-02236-CCA-R3-PC, 2008 WL 2483524, at *2 (Tenn. Crim. App. June 19, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008). Counsel was appointed and an amended petition was filed seeking a delayed appeal on the basis that Defendant was deprived a "second-tier appellate review." *Id.* The post-conviction court denied the request for a delayed appeal and dismissed the petition for post-conviction relief. *Id.* Defendant appealed the dismissal. While the dismissal was pending, the post-conviction court reversed its dismissal and granted a delayed appeal. *Id.* However, Defendant later voluntarily dismissed the delayed appeal. Back in the post-conviction court, several amended petitions were filed and the court held a hearing. The post-conviction court denied relief and Defendant appealed. This Court reversed the post-conviction court's order denying relief because this Court determined that the post-conviction court lost jurisdiction of the case when Defendant appealed the initial dismissal of the petition. *Id.* The supreme court denied permission to appeal.

Then, in October of 2020, Defendant filed a declaratory judgment action in Davidson County Chancery Court. In that matter, Defendant challenged the Tennessee Department of Correction's ("TDOC's") calculation of his release eligibility date. *Perry v. Tennessee Dep't of Corr.*, No. M2022-00108-COA-R3-CV, 2022 WL 17420477, at *1 (Tenn. Ct. App. Dec. 6, 2022), *no perm. app. filed*. Specifically, Defendant argued that TDOC miscalculated his release eligibility date to require a minimum of 51 years under Tennessee Code Annotated section 40-35-501(i)(1) because this section was inapplicable to a sentence imposed by a jury. Defendant sought a declaratory order from TDOC to alter the sentencing calculation and when TDOC denied that request, Defendant filed a petition for declaratory judgment in chancery court. The trial court disagreed with Defendant, granting summary judgment for TDOC. *Id.* at *1. The trial court determined that TDOC correctly calculated the release eligibility date using section 40-35-501(i)(1) because even though the sentence was chosen by the jury it was imposed by the trial court. Defendant filed a motion to alter or amend the judgment, which the trial court denied. He then appealed. *Id.* On appeal, the Tennessee Court of Appeals determined that the proper section to use to calculate release eligibility was indeed section 40-35-501(i)(1), not section 40-35-501(h)(1) as argued by Defendant. *Id.*

Next, Defendant filed a motion to correct a clerical error in the Shelby County Criminal Court in January of 2023. In that motion filed pursuant to Tennessee Rule of Criminal Procedure 36, Defendant argued that he was entitled to release eligibility after 25 years because the trial court was required to give the jury an instruction under section 39-13-204(e)(2) (Supp. 1997) that "imprisonment for life means that the defendant will not be eligible for parole consideration until service of at least" 25 years and that the judgment form omitted the 25-year parole eligibility date.[1] Defendant amended the pro se motion, asserting that he was entitled to a release eligibility calculation under section 40-35-501(h)(1). Defendant also insisted that his sentence was illegal because there was no notation in the "Special Conditions" box on the judgment sheet and therefore TDOC could erroneously calculate his release date under section 40-35-501(i) instead of 40-35-501(h)(1). Lastly, he claimed that the application of section 40-35-501(i) to his release eligibility calculation violates the ex post facto clauses of the Tennessee and United States constitutions.

The trial court entered an order on September 25, 2023, denying relief and dismissing the motion because the motion did not state a colorable claim. Defendant appealed.[2]

*Analysis*

Defendant argues on appeal that the trial court erred by denying his motion to correct a clerical error. He makes basically the same argument he made in the trial court and in his declaratory judgment action: that the application of Tennessee Code Annotated section 40-35-501(i) to his release eligibility calculation is contrary to section 39-13-204(e)(2) (providing for sentencing of first degree murder convictions) and the ex post facto clauses of the Tennessee and United States Constitutions. Defendant insists that he is entitled to release eligibility under section 40-35-50(h)(1). The State argues that Defendant has failed to show that his release eligibility was erroneously calculated due to a clerical error and that the trial court did not abuse its discretion in denying the Rule 36 motion.

Tennessee Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments,

---

[1] This statute was amended in 2021 to reflect that a defendant convicted of first degree murder and sentenced to a "sentence of imprisonment for life shall not be eligible for parole consideration until the defendant has served at least fifty-one (51) full calendar years of the sentence." T.C.A. § 39-13-204(e)(2).

[2] While the notice of appeal was not stamped filed until November 6, 2023, Defendant's "Declaration of Mailing" indicated that he handed the notice to the mailroom officials on October 23, 2023. Under the prison mailbox rule, the notice of appeal is timely filed. *See* Tenn. Sup. Ct. R. 28 § 2 (G) (stating that a pro se "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.").

orders, or other parts of the record, and errors in the record arising from oversight or omission." "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 446, 449 (Tenn. 2011)). We review a trial court's decision on a Rule 36 motion for an abuse of discretion. *Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014), *no perm. app. filed*.

Here, Defendant's arguments are more akin to an appealable error than a clerical error. An appealable error is a sentencing error for which the Sentencing Act provides a direct right of appeal. *Cantrell*, 346 S.W.3d 449. Of course, a defendant can appeal the length, range, or manner of service of any sentence imposed as well as the imposition of consecutive sentences. T.C.A. § 40-35-401(a). An appealable error "generally involve[s] attacks on the correctness of the methodology the trial court used to impose sentence." *Brown*, 479 S.W.3d at 208. Defendant has already presented this argument—that his release eligibility should be recalculated using a different statute—and it was found to be without merit. *Perry*, 2022 WL 17420477, at *6. Additionally, our supreme court has determined that Defendant's argument has no merit, holding that Tennessee Code Annotated section 40-35-501(h) does not conflict with subsection (i) because the addition of subsection (i) merely altered the release eligibility rather than changing the length of the determinate sentence for first degree murder. *Brown v. Jordan*, 563 S.W.3d 196, 200 (Tenn. 2018). Defendant has not shown that there was any error or omission on his judgment form that would amount to a clerical error. The trial court did not abuse its discretion. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE